UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE COMPANY OF : Docket No.: 1:11-cv-303
PITTSBURGH, PA., :
                                      :
                      Plaintiff,      :
                                      :
-vs.-                                 :
                                      :
NGM INSURANCE COMPANY, a/k/a NATIONAL :
GRANGE MUTUAL INSURANCE COMPANY, and  :
CODY A. WENZEL,                       :
                                      :
                      Defendants.     :
---------------------------------------------------------------X

## COMPLAINT

National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), by and through its undersigned counsel, respectfully submits this complaint for declaratory relief, and alleges as follows:

### Parties

1. The plaintiff, NUFIC, is a Pennsylvania insurance company that maintains its principal place of business in New York.

2. The defendant NGM Insurance Company, also known as National Grange Mutual Insurance Company ("NGM"), is a Florida insurance company that maintains its principal place of business in Florida.

3. The defendant Cody Wenzel ("Wenzel") is a individual real person who resides in Gorham, New Hampshire.

### Jurisdiction and Venue

4. The court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332 (2011).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) (2011).

## The Underlying Action

6. Wenzel is the plaintiff in a personal injury action that is currently pending in the Coos County Superior Court, captioned *Wenzel v. Great Lakes Hydro America LLC*, No. 2011-CV-126 (the "Underlying Action"). The Underlying Action was commenced on June 2, 2011.

7. The Underlying Action sounds in negligence. Wenzel alleges that he sustained serious injuries to his left hand while in the course of his employment on April 5, 2010, while on property owned by the defendant, Great Lakes Hydro America LLC, also known as Brookfield Renewable Power ("Brookfield").

8. Wenzel has made a demand of $625,000 to settle the Underlying Action.

## Daniel's Landscaping

9. At the time of his injury, Wenzel was employed by Daniel's Landscaping, a limited liability company located in Shelburne, New Hampshire.

10. Prior to Wenzel's injury, Brookfield had hired Daniel's Landscaping to perform certain work on Brookfield's property.

11. A written contract between Daniel's Landscaping and Brookfield required Daniel's Landscaping to name Brookfield as an additional insured on Daniel's Landscaping's general liability insurance policies.

## The NGM Policy

12. NGM issued a commercial general liability insurance policy, No. MP093818, to Daniel's Landscaping. The policy was in force over the period from January 1, 2010, through January 1, 2011. The policy's limits are $1,000,000 per occurrence and $2,000,000 in the

aggregate. Upon information and belief, a true and correct copy of the NGM policy is attached as Exhibit A.

13. NGM issued an endorsement that made Brookfield an additional insured on Policy No. MP093818.

### The NUFIC Policy

14. NUFIC insured Brookfield under a commercial general liability policy, No. GL 090-73-74, over the period from May 1, 2009, through May 1, 2010. The NUFIC policy had limits of $2,000,000 per occurrence and $2,000,000 in the aggregate. A true and correct copy of the NUFIC policy is attached as Exhibit B.

### The Tender

15. Prior to October 2010, Wenzel asserted a personal injury claim against Brookfield.

16. NUFIC appointed counsel to represent and defend Brookfield's interests.

17. On December 1, 2010, Brookfield's counsel tendered Wenzel's claim to NGM.

18. On December 8, 2010, NGM acknowledged receipt of Brookfield's tender and asked for additional information.

19. On December 28, 2010, NGM disclaimed any obligations to Brookfield, claiming that RSA 338-A:2 prohibited NGM from defending or indemnifying Brookfield against Wenzel's personal injury claim.

20. On January 10, 2011, Brookfield's counsel wrote to NGM, asking NGM to reconsider its position in light of the fact that NGM's policy listed Brookfield as an additional insured.

21.  On January 31, 2011, counsel for NGM wrote an e-mail to Brookfield's counsel, stating for the first time that the prior "denial ha[d] been revoked."

22.  In subsequent correspondence, counsel for NGM conceded that Brookfield is an additional insured on NGM's policy.

23.  On April 5, 2011, and again on May 3, 2011, counsel for NGM wrote to counsel for Brookfield, and disclaimed any coverage obligation. The letters asserted that Brookfield was not entitled to insurance coverage because: (i) Wenzel's claim arose out of Brookfield's own negligence and could not be covered owing to a statutory prohibition on indemnification for such negligence; (ii) Wenzel's claim had not been caused, in whole or in part, by the acts or omissions of Daniel's Landscaping; and (iii) the NGM policy's other insurance clauses made the NGM policy a "pure excess" policy, with no obligations until or unless the NUFIC policy first exhausted.

24.  NUFIC strongly disagrees with the coverage position taken by NGM.

25.  In relevant part, the NUFIC policy provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**4.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

  **b.   Excess Insurance**

   **(1)**   This insurance is excess over:

      **(b)**   Any other primary insurance available to you covering liability for damages arising out of the premises or operations...for which you have been added as an additional insured by attachment of an endorsement.

   **(2)**   When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all of those other insurers.

BOS 877935.2

    **(3)**    When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

        **(a)**    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        **(b)**    The total of all deductible and self-insured amounts under all that other insurance.

26. Because Brookfield was made an additional insured on the NGM policy by the issuance of an endorsement, the insurance afforded to Brookfield by the NUFIC policy is excess to the insurance afforded to Brookfield by the NGM policy.

27. Nevertheless, since Wenzel first asserted his claim, NUFIC has borne the entire cost of Brookfield's defense, notwithstanding that NGM has an independent and primary obligation to provide insurance coverage to Brookfield.

### Count I – Declaratory Relief
(N.H. R.S.A. 491:22)

28. NUFIC incorporates and realleges each of the allegations set forth in Paragraphs 1 through 27 above.

29. There exists an actual dispute and controversy between NUFIC and NGM with respect to insurance coverage for Brookfield, as it relates to Wenzel's claim and the Underlying Action.

30. Accordingly, NUFIC asks the court to declare the rights and obligations of both NUFIC and NGM vis-à-vis Brookfield, both with respect to the duty to defend and with respect to the duty to indemnify.

31. NUFIC also asks the court to declare the rights of both NUFIC and NGM vis-à-vis Wenzel, with respect to the personal injuries that he alleges in the Underlying Action.

32. NUFIC also asks the court to declare the rights and obligations of NUFIC and NGM as against one another, including any right that NUFIC may have to reimbursement for defense costs already expended.

WHEREFORE, NUFIC respectfully requests that this court enter judgment as follows:

A. Declaring the rights and obligations of NUFIC to Brookfield;

B. Declaring the rights and obligations of NGM to Brookfield;

C. Declaring that NGM's policy affords primary insurance coverage to Brookfield with respect to Wenzel's claim and the Underlying Action;

D. Declaring that NUFIC's policy affords insurance coverage that is excess of NGM's coverage;

E. Ordering NGM to assume the obligation to pay for the defense of Brookfield in the Underlying Action;

F. Ordering NGM to reimburse NUFIC all defense costs expended on behalf of Brookfield to date, including those incurred prior to the filing of the Underlying Action;

G. Declaring that, should Brookfield have any liability to Wenzel, NGM is obligated to indemnify Brookfield on a primary basis, and any obligations that NUFIC may have are excess of the coverage provided by NGM;

H. Awarding to NUFIC its costs and reasonable attorneys' fees; and

I. Granting such other, further, and different relief as to the court seems just and proper.

Respectfully submitted,

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

By its attorneys,

                                      EDWARDS ANGELL PALMER & DODGE LLP

                                      By: _____*/s/ Alexander G. Henlin*_____
                                            Alexander G. Henlin (# 17112)
                                      111 Huntington Avenue
                                      Boston, Massachusetts 02199
                                      (617) 239-0100 telephone
                                      (617) 227-4420 facsimile
                                      ahenlin@eapdlaw.com

Dated: June 23, 2011