```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

National Union Fire Insurance
Company of Pittsburgh, PA

   v.                                  Civil No. 11-cv-303-JD

NGM Insurance Company, et al.


O R D E R

National Union Fire Insurance Company brought a declaratory judgment action against NGM Insurance Company to determine which company was obligated to provide coverage for personal injury claims brought by Cody Wenzel against Great Lakes Hydro America, LLC. Wenzel also brought a declaratory judgment action against the two insurance companies to determine coverage. The declaratory judgment actions have been consolidated, while the personal injury case remains a separate case.

National Union and NGM have each filed motions for summary judgment. Wenzel moves to join NGM's objection to National Union's motion for summary judgment. NGM moves to strike factual assertions made by National Union in support of its motion for summary judgment, and Wenzel assents to the motion. For the reasons that follow, the motion to strike is denied.

Federal Rule of Civil Procedure 56(a) provides that the court shall grant summary judgment if the moving party shows that

the material facts are undisputed and that it is entitled to judgment as a matter of law. More specifically, a party moving for summary judgment must "incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 7.2(b)(1). The facts must be properly supported. Fed. R. Civ. P. 56(c).

NGM asserts that the parties agreed "that the only facts relative to the underlying [personal injury] case brought by Cody Wenzel would be those listed in a Stipulation, which was subsequently filed as Document No. 16 in this Court on September 23, 2011." Motion, dkt. no. 28 at 1. NGM moves to strike National Union's factual statement because it includes facts that were not included or "countenanced" by the parties' Stipulation. NGM also contends that National Union's factual statement, which NGM refers to as a "pleading," includes immaterial facts, is not based on firsthand knowledge, and lacks any evidentiary basis.

A.  Stipulation

NGM asserts that the parties agreed that the Stipulation provides the only material facts for purposes of summary judgment. National Union denies that any such agreement exists.

In the Stipulation, the parties agreed that Wenzel sustained injury on April 5, 2010, in the course of his work for his employer, Daniel's Landscaping, at premises owned by Brookfield Renewable Power, also known as Great Lakes Hydro America, LLC. They further agreed that Wenzel was injured while using a Rack Rake that was owned by Brookfield and while the controls were being operated by another employee of Daniel's Landscaping. The Stipulation also provides a copy of the work contract between Daniel's Landscaping and Brookfield.

NGM cites a statement in National Union's memorandum in support of summary judgment to show that the parties agreed that the Stipulation would constitute the only facts that could be used for purposes of summary judgment. National Union stated: "On September 23, the parties stipulated to certain facts so that they could proceed promptly to summary adjudication of the principal issues: whether cover under NGM's policy has been triggered, and whether National Union's policy is wholly excess to NGM's." Mem. dkt. no. 22, at 5. As National Union explains, the parties' Stipulation provides some agreed facts but does not preclude reliance on other properly supported facts for purposes of summary judgment.

NGM has not shown that the parties agreed to limit the material facts for purposes of summary judgment to the Stipulation.

B. Pleading

NGM refers to National Union's factual statement, which was filed separately, as a "pleading." NGM is mistaken. Pleadings are complaints, answers, and replies to answers. Fed. R. Civ. P. 7(a). In contrast, a party's request for a court order is a motion. Fed. R. Civ. P. 7(b). Therefore, the factual statement is part of a motion and is not a pleading. To the extent NGM intended to rely on Federal Rule of Civil Procedure 12(f), that rule is inapplicable to the factual statement.

C. Properly Supported Facts

NGM also contends that the factual statement and certain additional facts in National Union's memorandum have no evidentiary basis. As a result, NGM argues that National Union has not complied with the requirements of Rule 56 and Local Rule 7.2. National Union objects and defends its factual statements.

NGM challenges a statement included in National Union's memorandum pertaining to the circumstances when Wenzel was injured, contending that the statement is not properly supported

by evidence because only counsel's affidavit is cited in support. The disputed statement is followed by citation to the statement of facts, which in turn cites certain exhibits to counsel's affidavit.  Therefore, contrary to NGM's representation, National Union did not rely "only on an affidavit by its counsel," but instead relied on documents submitted as exhibits to the affidavit.  NGM's motion, dkt. no. 28, at 2.

NGM states that "National Union also attached and relied upon unsworn letters of counsel that have no evidentiary value and do not conform to the requirements of Local Rule 7.2(b)(1) . . . and Rule 56(c)(2) . . . ."  Id. at 3.  NGM does not identify what facts in the factual statement relied on the unsworn letters.  National Union explains that Exhibits 9 and 10 to its counsel's affidavit are letters written by NGM's counsel that NGM identified in its answer to National Union's complaint.  National Union contends that the letters are admissible based on Federal Rules of Evidence 801(d)(2), allowing the admissions of a party-opponent despite rule against hearsay; 901(a), providing that evidence sufficient to show that the document is what its proponent claims satisfies the authentication requirement; and 1003, admissibility of duplicates.

To be competent evidence for purposes of summary judgment, documents must be both authenticated and admissible.  See, e.g.,

5

Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000); Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co., 167 F.3d 1, 9 (1st Cir. 1999).  The letters are provided as exhibits to counsel's sworn affidavit.  Further, as National Union asserts, in its answer NGM identified the letters as having been written by its counsel and admitted that the letters disclaimed any coverage obligation.  In the absence of a persuasive contrary showing, the letters appear to be both properly authenticated and admissible as the admission of a party-opponent for purposes of summary judgment.

    NGM does not otherwise specify which facts in the factual statement are not based on firsthand knowledge.  Challenges to the admissibility of facts provided in support of or opposition to summary judgment must address specific deficiencies, not the filing as a whole.  Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001) (admissibility under Rule 56 "requires a scalpel, not a butcher knife"); Randall v. Potter, 366 F. Supp. 120, 121 n.1 (D. Me. 2005) (motions to strike in summary judgment context should be used sparingly and only in extraordinary cases). National Union explains the evidentiary support it has provided for its factual statement and the admissibility of its

documentary support.  The court will not parse through National Union's statement in an effort to find unspecified facts that are not properly supported.

## Conclusion

For the foregoing reasons, the defendant's motion to strike (document no. 28) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2011

cc:   Christopher E. Grant, Esquire
      Alexander G. Henlin, Esquire
      John D. Hughes, Esquire
      Elizabeth L. Hurley, Esquire